# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **STEFFANEE WEIDOW,** on behalf of herself and others similarly situated, | CIVIL ACTION |
| | CASE NO. |
| Plaintiff, | |
| | JUDGE |
| vs. | |
| | |
| **COLFOR MANUFACTURING, INC.,** | |
| | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| Defendant. | |
| | **JURY DEMAND ENDORSED HEREON** |

Plaintiff Steffanee Weidow, by and through counsel, for her Complaint against Defendant Colfor Manufacturing, Inc., states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who have joined or may join this case pursuant to § 216(b) ("the Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio wage-and-hour statutes (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio wage-and-hour statutes because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

*Defendant*

7. Defendant Colfor Manufacturing, Inc. is a Delaware entity and can be served through its registered agent CT Corporation System 4400 Easton Commons Way, Suite 125 Columbus, Ohio 43219.

*Plaintiff*

8. Plaintiff is an adult individual who is a resident of the State of Ohio and was employed by Defendant.

9. Plaintiff clocked in and out for work in the appropriate manner but was only paid for the time listed on her schedule; not for the actual time she worked.

10. Plaintiff was a non-exempt employee under the FLSA and Ohio Wage Act.

11. Plaintiff is a covered employee within the meaning of the Ohio Prompt Pay Act.

## FACTUAL ALLEGATIONS

### Defendant's Status as an "Employer"

12. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

13. Defendant's hourly employees included Plaintiff and the Opt-Ins.

14. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. Defendant is a covered employer within the meaning of the Ohio Wage Act and the Ohio Prompt Pay Act and, at all times relevant, employed Plaintiff and similarly situated employees.

16. At all times relevant, Defendant maintained control, oversight and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

### Hourly Employees' Compensation

17. Plaintiff, the Opt-Ins, and the Ohio Class are current or former hourly employees of Defendant.

18. Plaintiff and the Opt-Ins frequently worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA.

19. Plaintiff, the Opt-Ins, and the Ohio Class frequently worked longer than their assigned schedules and clocked in and out, accordingly.

20. Plaintiff, the Opt-Ins, and the Ohio Class were not paid any time beyond what was provided in their schedules as the punch in and punch out clock would inappropriately round time down.

21. Plaintiff, the Opt-Ins, and the Ohio Class regularly began work for the day up to 10 to 15 minutes, or more, before their scheduled start time but, pursuant to Defendant's uniform companywide policy, did not start getting paid until their scheduled start time.

22. The types of tasks that were performed before Plaintiff, the Opt-Ins, and the Ohio Class's scheduled shifts include obtaining and returning the necessary tools to perform their jobs; obtaining parts needed to perform their jobs; performing production work; and walking to and from their assigned areas of the production floor.

23. Plaintiff, the Opt-Ins, and the Ohio Class were full time employees regularly scheduled to work 40 hours a week or more. Thus, by failing to pay Plaintiff, the Opt-Ins, and the Ohio Class for work performed before and after their scheduled shift, Defendant failed to pay Plaintiff, the Opt-Ins, and the Ohio Class for all of their overtime in nearly every week in which they worked.

24. Defendant's practice of failing to pay Plaintiff and those similarly situated for the time they worked over their scheduled shift and for the actual amount of time they worked resulted in Plaintiff and others similarly situated being paid less than the amount actually owed to them.

## **COLLECTIVE ACTION ALLEGATIONS**

25. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

27. The Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All present and former hourly employees of Defendant during the period three years preceding the commencement of this action to the present who worked more than forty hours in one or more workweeks.

28. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay its employees for all hours worked, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

29. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

30. Plaintiff cannot yet state the exact number of similarly-situated persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## **CLASS ACTION ALLEGATIONS**

31. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly employees of Defendant during the period three years preceding the commencement of this action to the present who worked more than forty hours in one or more workweeks.

33. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that it consists of at least hundreds of people. The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, or was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

34. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant failed to pay Plaintiff and other class members for all hours worked in excess of 40 in a workweek; and,

> Whether Defendant's failure to pay Plaintiff and other class members for time worked beyond their scheduled shifts is lawful.

35. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

36. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including

6

wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

37. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## **COUNT ONE**
**(FLSA Overtime Violations)**

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Opt-Ins who have joined this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed or will be filed with the Court.

41. The FLSA requires that non-exempt employees be paid at a rate of one and one half times their regular rate for every hour worked in excess of 40 in a workweek.

42. Defendant failed to pay Plaintiff and the Opt-Ins overtime compensation for all hours worked in excess of forty in a workweek.

43. Instead, Defendant had a companywide policy of failing to pay its employees for all time worked before their scheduled start time.

44. Defendant's practices resulted in Plaintiff and the Opt-Ins receiving less overtime compensation than they were owed.

45. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

46. As a result of Defendant's violations of the FLSA, Plaintiff and the Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

47. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of herself, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

49. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

50. Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay all overtime compensation to its hourly workers including Plaintiff, the Potential Opt-Ins, and the Ohio Class.

51. Specifically, among other things, Defendant failed to pay Plaintiff and the Ohio Class for all time spent working beyond their scheduled shift. This practice has resulted in an underpayment of overtime premiums due to the Plaintiff, the Opt-Ins and the Ohio Class.

52. Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins, and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

53. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
### (Violations of Ohio Revised Code 4113.15)

54. Plaintiff incorporates by reference the foregoing allegations as if fully written herein.

55. Plaintiff brings this claim for violation of Ohio Revised Code 4113.15, on behalf of herself, and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

56. At all times relevant, Defendant was Plaintiff and the Ohio Class' employer for purposes of overtime compensation owed.

57. Defendant violated Ohio Revised Code § 4113.15, by failing to pay overtime compensation to its hourly workers including Plaintiff and the Ohio Class within thirty days of their regularly scheduled payday.

58. The number of hours and minutes actually worked by Plaintiff and the Ohio Class is reflected in time-clock records maintained by Defendant.

59. Ohio Revised Code Ann. § 4113.15 provides that Defendant, having violated § 4113.15, "is liable to the employee in the amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins, and the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins, and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages permitted by law; and,

E. Award Plaintiff her costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

Nilges Draher, LLC

*/s/ Michaela M. Calhoun*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
Michaela M. Calhoun (0093546)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com
mcalhoun@ohlaborlaw.com

*/s/ Anthony J. Lazzaro*
Anthony J. Lazzaro (0077962)
Chastity L. Christy (0076977)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
lori@lazzarolawfirm.com
Attorneys for Plaintiffs

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all issues so triable.

*/s/ Michaela M. Calhoun*
Counsel for Plaintiff